```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
```

DAVID OVERTON and JEROME I. KRANSDORF,

                Plaintiff(s),

    - against -                             05 Civ. 7956 (JES)

TODMAN & CO., CPAs, P.C. and TRIEN,      **MEMORANDUM OPINION**
ROSENBERG, ROSENBERG, WEINBERG,           **AND ORDER**
CIULLO, & FAZZARI, LLP,

                Defendant(s).
```
----------------------------------------X
```
**SPRIZZO, D.J.:**

    Plaintiffs, David Overton and Jerome I. Kransdorf, brought the above-captioned action against defendants, Todman & Co., CPAs, P.C., and Trien, Rosenberg, Rosenberg, Weinberg, Ciullo & Fazzari, LLP, for violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, breach of contract, professional negligence, common law fraud, and negligent misrepresentation.  Essentially, plaintiffs charge defendants with performing deficient audits that allegedly allowed defendants' client, Direct Brokerage, Inc. ("DBI"), to hide mounting payroll tax obligations.  Defendants brought a third-party action against DBI and a variety of its former officers.  Currently before the Court is defendants' Motion to Compel the production of certain documents responsive to a Subpoena Duces Tecum served on various non-parties.  The Court heard Oral Argument on March 4, 2008.  For the reasons set forth below, the Court hereby denies in part defendants Motion to Compel and reserves decision as to the remaining documents in dispute.

## BACKGROUND

DBI, third-party defendant and subject of the charge of failure to remit payroll obligations, is not readily available to respond to discovery and has failed to answer defendants' Third-Party Complaint. See Defs.' Mem. of Law, dated Dec. 27, 2007, ("Defs.' Mem.") at 2. Though it is still listed as an "active" corporation on the New York State Department of State website, see Aff. of Jordan Sklar, dated December 26, 2007 ("Sklar Aff."), Ex. F, and has not been dissolved, see Aff. of Eniko Henits, dated March 27, 2008, ("Henits Aff.") ¶ 1, it is "no longer actively in business," see id. ¶ 5. Because defendants could not obtain the subject documents from DBI itself, they served subpoenas on various non-parties seeking production of documents concerning "how it came to pass that DBI failed to remit its payroll tax obligations" and general information about DBI. See Defs.' Mem. at 2. These non-parties include: (1) DBI's former counsel, Kostelanetz & Fink, LLP; Eaton & Van Winkle, LLP; and Brunelle, Hadjikow & Weltz, P.C; (2) an accountant retained by one of these firms, Integrated Management Systems; (3) and counsel for one of DBI's lenders, Katsky, Korins, LLP. Each has refused to produce some of the responsive documents based on the attorney-client or work product privilege.[1] Eniko Henits, President of DBI, and Thomas Flynn, one of its officers, filed affidavits with the Court explicitly refusing to

---

[1] DBI's former accountant (Integrated Management Systems) asserted a privilege under United States v. Kovel, 296 F.2d 918 (2d Cir. 1961), which held that the privilege can protect communications between a client and his accountant or the accountant and the client's attorney when the accountant's role is to clarify communications between attorney and client. See id. at 922.

2

waive the privilege and "request[ing] protection of the privileges of Direct Brokerage, Inc. and those of its former personnel." See Henits Aff. ¶ 7; Aff. of Thomas Flynn, dated Mar. 29, 2008, ("Flynn Aff.") ¶ 7.

**DISCUSSION**

Motions to compel are "entrusted to the sound discretion of the district court." See In re Fitch, Inc. v. UBS PaineWebber, Inc., 330 F.3d 104, 108 (2d. Cir. 2003) (citations omitted). The party invoking the privilege bears the burden of establishing its applicability. See In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379, 384 (2d Cir. 2003). The Court finds that the subpoenaed non-parties have met that burden as to certain documents.

Defendants argue that (1) there are no attorney-client or work product privileges to assert (or no one with standing to assert them) since DBI is defunct; (2) that, if such privileges existed, they have been waived; and (3) that any such privileges are inapplicable to many of the documents that were not produced. See Defs.' Mem. at 3-6.

First, defendants cite case law for the proposition that when a corporation is no longer an ongoing business, there is no one with authority to properly invoke the attorney-client privilege and that there is essentially no privilege to assert. See Gilliland v. Geramita, 2006 U.S. Dist. LEXIS 65546, No. 05-01059 (W.D. Pa. Sept. 14, 2006). This case is clearly inapposite, as both the President and another former officer of DBI have asserted the attorney-client privilege in affidavits submitted to the Court. See Henits Aff. ¶ 7;

3

Flynn Aff. ¶ 7. Since DBI is technically still an active corporation, as Ms. Henits and Mr. Flynn have stated that they are "still [DBI's] President" and "still one of its officers," see Henits Aff. ¶ 1; Flynn Aff. ¶ 1, and a corporation's current management controls the attorney-client privilege, see Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 351-52 (1985), the Court finds that DBI's privilege exists and has been properly asserted.

Second, as to waiver, defendants argue that as assignees of DBI, plaintiffs hold the power to exercise the privileges and they have affirmatively advised the non-parties that they "will not assert any such privilege." See Sklar Aff., Ex. O (emphasis in original). The Court cannot conclude that plaintiffs have this power. Not only is it unclear from the face of the assignment whether it includes the power to assert privileges on behalf of DBI, but defendants have argued that the assignment is invalid. See id., Exs. B, Am. Compl. ¶ 16 & C, Defs.' Amended Answer ¶¶ 50, 61, 63, 65, 67. Additionally, plaintiffs submitted an affidavit to the Court noting that it "obtained a limited assignment of claims which DBI has against defendants, and thus plaintiffs have the right to prosecute those claims, not the responsibility." See Aff. of Eric S. Hutner, dated Jan. 29, 2008, at 2 (emphasis in original). Therefore, the Court cannot find, based on this record, that plaintiff's assertion can or does constitute a valid waiver of DBI's privileges.

Finally, defendants argue that the privileges are inapplicable because many of the documents appear to pertain to strictly business considerations and do not pertain to purely legal advice. See Upjohn

4

Co. v. United States, 449 U.S. 383 (1981). In order to determine whether these documents fall under the properly asserted attorney-client and work product privileges, the Court would need to review the documents in camera.

The subpoenaed non-parties have met their burden of showing that the attorney-client and work product privileges are available to DBI and have presented affidavits from DBI's management asserting the privileges. Therefore, as to those documents for which all parties agree that the attorney-client and work product privileges would apply if properly asserted and available, the Motion to Compel is denied. As to those documents over which it is disputed whether the privileges are applicable due to the nature of the documents themselves, the Court will conduct an in camera review upon request.

## CONCLUSION

For the reasons stated above, defendants' Motion to Compel shall be and hereby is denied in part. As to the documents still in dispute, the Court hereby reserves decision.

**It is SO ORDERED.**

**DATED:** New York, New York
April 17, 2008

_____
John E. Sprizzo
United States District Judge

5

**APPEARANCES**

HUTNER, KLARISH, LLP
Attorneys for Plaintiffs
1359 Broadway, Suite 2001
New York, NY 10018

    ERIC S. HUTNER, ESQ.

    Of Counsel


BABCHIK & YOUNG, LLP
Attorneys for Defendants
200 East Post Road
White Plains, NY 10601

    JORDAN SKLAR, ESQ.

    Of Counsel


BRUNELLE, HADJIKOW & WELTZ, P.C.
Non-Party, Pro se
120 Broadway, Suite 1010
New York, NY 10271-1097

    GEORGE BRUNELLE, ESQ.

    Of Counsel


KATSKY KORINS, LLP
Non-Party, Pro se
605 Third Avenue
New York, NY 10158-0038

    JOSHUA S. MARGOLIN, ESQ.

    Of Counsel