USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DAVID OVERTON and JEROME I. KRANSDORF,

        Plaintiffs,

- against -

TODMAN & CO., CPAs, P.C. and TRIEN,
ROSENBERG, ROSENBERG, WEINBERG,
CIULLO & FAZARRI, LLP,

        Defendants.
----------------------------------------X
TODMAN & CO., CPAs, P.C. and TRIEN,
ROSENBERG, ROSENBERG, WEINBERG,
CIULLO & FAZARRI, LLP,

       Third-Party Plaintiffs,

- against -

DIRECT BROKERAGE, INC., THOMAS FLYNN,
ENIKO HENITS, LISA BOUTOTE, PEGGY
CHIAT, STEVEN ROSENBLUM, PAUL FREED,
and PAYCHEX, INC.,

       Third-Party Defendants.
----------------------------------------X

05 Civ. 7956 (DAB)
MEMORANDUM & ORDER

DEBORAH A. BATTS, United States District Judge.

  Third-Party Defendant Paychex, Inc. ("Paychex") moves to dismiss all claims brought against it by Third-Party Plaintiffs Todman & Co., CPAs, P.C. and Trien, Rosenberg, Rosenberg, Weinberg, Ciullo & Fazarri, LLP (collectively, "Third-Party Plaintiffs" or "Todman") in the Amended Third-Party Complaint to this securities fraud, common law fraud, breach of contract, and negligence action. The Third-Party action arises out of a suit

brought by Plaintiffs David Overton and Jerome I. Kransdorf ("Plaintiffs") against Todman to recover for financial losses sustained as the result of Todman's alleged fraudulent and negligent misconduct in performing audits for Direct Brokerage, Inc. ("DBI"), a New York corporation and broker-dealer in which Plaintiffs were investors. Plaintiffs allege that as auditor, Todman failed to correct DBI's materially false accounting statements, effectively concealing the truth of DBI's financial condition from Plaintiffs and other investors, resulting in significant investment losses by Plaintiffs.

Todman brings this Third-Party Action against DBI, its directors and officers, and New York corporation and payroll administrator, Paychex. Todman asserts that DBI, not Todman, provided the allegedly false statements and auditor's reports in question to Plaintiffs, and that any purported misstatement in the statements and/or reports was the sole result of misinformation provided by DBI and/or its officers, directors, or employees on DBI's behalf. Todman alleges that any purported misstatement concerning payroll taxes or other withholdings in any of the statements and reports was the sole result of misinformation provided by Paychex.

In its Amended Third-Party Complaint, now before the Court, Todman seeks indemnification and/or contribution from Paychex,

alleging eleven claims against Paychex for breach of contract, negligence, misrepresentations, and fraud as to himself, Plaintiffs, and the Securities and Exchange Commission ("SEC"), New York Stock Exchange ("NYSE"), and relevant taxing authorities. Todman seeks indemnification and/or contribution from Paychex for any amount for which Todman is held liable to Plaintiffs in this action. Paychex moves to dismiss all of Todman's claims, asserting that Todman has neither a valid claim against Paychex for indemnification, given the absence of any contract or special relationship between the Parties, nor one for contribution, as Todman has failed to state a claim in tort against Paychex. For the reasons set forth below, Third-Party Defendant Paychex's Motion to Dismiss is GRANTED in its entirety.

I. BACKGROUND

The following facts alleged in the Amended Third-Party Complaint ("Am. Third-Party Compl.") in 05 Civ. 7956 (DAB) are assumed to be true for purposes of this Motion to Dismiss. Only those facts relevant to Third-Party Defendant Paychex's Motion to Dismiss are recited by the Court here.

Plaintiffs David Overton ("Overton") and Jerome I. Kransdorf ("Kransdorf", collectively "Plaintiffs") commenced an action against Todman on September 13, 2005 for securities fraud, common

law fraud, negligence, negligent misrepresentation, and breach of contract. Plaintiffs allege that, during the years 1999-2002, Plaintiffs were investors in Direct Brokerage, Inc. ("DBI"), a broker-dealer registered with the Securities and Exchange Commission ("SEC") and a member firm of the New York Stock Exchange ("NYSE"). (Am. Third-Party Compl. ¶ 3.) Plaintiffs allege that during that period, Todman was responsible for auditing DBI's financial statements and issuing Independent Auditor's Reports and was negligent in performing these duties. (Id. ¶¶ 4 & 6.) Specifically, Plaintiffs allege that the financial statements and Independent Auditor's Reports produced by Todman failed to reflect accurately DBI's obligations and/or liabilities concerning payroll taxes and other withholdings, and that Plaintiffs were damaged by their reliance on these statements and reports. (Id. ¶¶ 7-8.)

Todman alleges that for the period 1998-2001, years that Todman audited DBI's financial statements and issued Independent Auditor's Reports, Paychex and DBI had a contract that obligated Paychex to calculate and remit to the appropriate authority all payroll taxes and other withholdings due and owing from DBI. (Id. ¶ 38.) Todman alleges that during this time period, Todman was advised by DBI that Paychex had, in fact, performed these obligations. (Id. ¶¶ 39, 44-45, 53-55, 66-67.)

In each of the years 1999, 2000, 2001, 2002, and 2003, Todman audited DBI's books and records from the previous year. (Id. ¶¶ 40, 48, 65, 77, 82.) During each of these audits, Todman alleges that DBI advised Todman that DBI had retained the services of Paychex, a full-service, third-party payroll administrator, to calculate payroll taxes and make all necessary payroll tax payments directly to the relevant taxing authorities. (Id. ¶¶ 44, 53, 66, 78, 83.) However, in 2003, New York City and State taxing authorities advised DBI that neither DBI nor anyone on its behalf had made complete City or State payroll tax payments for 1998, 1999, and 2000. (Id. ¶¶ 52, 58, 70.) Todman alleges that it did not know that DBI had not made complete New York City or State payroll tax payments during those years. (Id. ¶¶ 51, 57, 69.)

Todman alleges that DBI provided certain of the audited financial statements and/or Independent Auditor's Reports at issue to Plaintiffs, and that any purported misstatement in any financial statement audited for DBI or in any Independent Auditor's Report was the sole result of misstatements, mischaracterizations, and misinformation provided by DBI and/or its officers, directors or employees on DBI's behalf. (Id. ¶¶ 6 & 10.) Todman further alleges that any purported misstatement concerning payroll taxes or other withholdings in any financial

5

statement audited for DBI or in any Independent Auditor's Report was the sole result of misstatements, mischaracterizations, and misinformation provided by Paychex. (Id. ¶ 11.)

Third-Party Defendant Paychex moved to dismiss Todman's Amended Third-Party Complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 20, 2008. Todman opposed Third-Party Defendant's Motion on September 22, 2008. The Motion was fully-submitted as of September 29, 2008.

## II. STANDARD OF REVIEW

A. <u>Legal Standard for a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)</u>

For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility," the Supreme Court has explained,

> "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the

line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, --- S.Ct. ----, 2009 WL 1361536, *12 (May 18, 2009) (quoting Twombly, 550 U.S. at 556-57). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted). "In keeping with these principles," the Supreme Court has stated,

> "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Iqbal, 2009 WL 1361536 at *13.

### III. DISCUSSION

Todman asserts eleven counts in its Amended Third-Party Complaint against Paychex, all of which appear to support claims for indemnification or contribution from Paychex for amounts for which Todman is ultimately held liable to Plaintiffs in this action.[1] Todman charges Paychex with negligence,

---

[1] The Amended Third-Party Complaint is unclear as to whether Todman seeks indemnification, contribution, or both from Paychex,

7

misrepresentations[2], and fraud as to Todman, Plaintiffs, and the SEC, NYSE, and relevant taxing authorities, as well as breach of its contract with DBI. Todman seems to ground its claims in Paychex's alleged failure to perform its contractual obligations to DBI – that is, to calculate and remit payroll taxes to taxing

---

with regard to the various claims it has asserted. Todman indicates at the end of each count only that "[i]f it is determined Todman must reimburse plaintiffs any sum, then second third-party defendant [Paychex] must reimburse Todman for all such sums." While the Court reads this allegation as a claim for indemnification on each count, Parties have addressed both indemnification and contribution in their arguments, and the Court addresses both in this Memorandum & Order.
    Todman has alleged no relationship or duty between itself and Paychex, contractual or otherwise, or any communication between the Parties at all, that would sustain substantive claims of negligence, misrepresentations or fraud by Todman against Paychex, see Crigger v. Fahnestock & Co., Inc., 443 F.3d 230, 234 (2d Cir. 2006) (citation omitted) (material misrepresentation or omission made by defendant to plaintiff with intent to defraud required for claim of fraud under New York law); Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 186-87 (2d Cir. 2004) (same requirements for fraudulent misrepresentation claim); Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d. Cir. 2000) (citation and internal quotation marks omitted) ("The existence of a duty is . . . a sine qua non of a negligence claim: In the absence of duty, as a matter of law, no liability can ensue."), and to the extent that Third-Party Plaintiff means to assert claims of negligence, fraud, and/or misrepresentations for injuries suffered by Plaintiffs and/or the SEC, NYSE, and/or other taxing authorities, Todman has no standing to assert such claims.

[2] Todman does not make clear in the Amended Third-Party Complaint whether its claims are for negligent or fraudulent misrepresentation. Third-Party Plaintiff has explained in its Opposition to Paychex's Motion to Dismiss that it is not known at this stage of the litigation whether the alleged misrepresentations were negligent or fraudulent.

authorities.  Todman has alleged no relationship between itself and Paychex.

1.  Indemnification

In the absence of a contract or special relationship between Todman and Paychex, Todman has no valid claim for indemnification.  Indemnity "arises out of a contract which may be express or may be implied in law".  Rosado v. Proctor & Schwartz, Inc., 66 N.Y.2d 21, 24 (1985).  Thus, to sustain a claim for indemnification, "a party must have an express right to indemnification by way of a contract, or a special relationship between the parties must exist such that a right to indemnification is implied."  Sotheby's Financial Services, Inc. v. Baran, 2003 WL 21756126, *12 (S.D.N.Y. July 29, 2003).  Although implied indemnity is "not . . . limited" to contexts in which one "is vicariously liable for the tort of another", "an indemnity cause of action can be sustained only if the third-party plaintiff and the third-party defendant have breached a duty to plaintiff and also if some duty to indemnify exists between them."  Rosado, 66 N.Y.2d at 24 (citations and internal quotation marks omitted).  Todman has alleged neither the existence of a contract between himself and Paychex, nor any special relationship or duty between the Parties to indemnify.  Todman has therefore failed to state a claim for indemnification.

2.  Contribution

Unlike the right to indemnification, which requires an express or implied duty to indemnify between the parties in question, "[t]he right to contribution . . . among alleged multiple wrongdoers arises when they each owe a duty to plaintiff or to each other and by breaching their respective duties they contribute to plaintiff's ultimate injuries." Trustees of Columbia University in City of N.Y. v. Mitchell/Giurgola Associates, 109 A.D.2d 449, 454, 492 N.Y.S.2d 371, 375-376 (N.Y.A.D. 1 Dept., 1985). Under CPLR § 1401, New York's contribution statute,

> two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.

CPLR § 1401. Section 1401 "does not require that privity exist between the third-party plaintiff and the third-party defendant. What must be present is a duty running from the third-party defendant to the main plaintiff, that this duty was breached and that the breach contributed to plaintiff's injuries." Interpetrol Bermuda, Ltd. v. Rosenwasser, 1988 WL 83406, *1 (S.D.N.Y. 1988).

However, contribution may not be sought when the underlying claim is for "economic loss resulting only from a breach of contract." Morse/Diesel, Inc. v. Trinity Industries, Inc., 859 F.2d 242, 249 (2d Cir. 1988); see also Sotheby's, 2003 WL 21756126 at *11 (citation and internal quotation marks omitted) ("New York law is clear that contribution claims are unavailable when the underlying claim is for purely economic loss resulting from the breach of contractual obligations."). Rather, "section 1401 creates a right of contribution only among joint tortfeasors." Morse/Diesel, 859 F.2d at 249; see also Bellis v. Tokio Marine and Fire Ins. Co., Ltd., 2002 WL 193149, *17 (S.D.N.Y. Feb. 7, 2002) ("Under New York law, the existence of some form of tort liability is a prerequisite to application of the [contribution] statute."). Todman's claim of contribution associated with Paychex's alleged breach of contract accordingly fails. Further, a claim that a party negligently performed its contract obligations does not create a breach of duty independent of the contract sufficient to make a claim in tort. See id. at 250 (quoting Board of Educ. of Hudson City School Dist. v. Sargent, Webster, Crenshaw & Folley, 71 N.Y.2d 21, 29, 517 N.E.2d 1360, 1365, 523 N.Y.S.2d 475, 479 (N.Y. 1987)). Todman's claims for contribution associated with Paychex's alleged negligence in

performing its contractual duties or negligent misrepresentation that it would so perform likewise fail.

Todman does not dispute that its claims sounding in breach of contract and negligence fail to support a claim for contribution. (Third-Party Plaintiff's Opposition at 11.) Todman instead holds up its claims for fraud and misrepresentation as alleged torts sufficient to sustain its claim for contribution. (Id.) However, to plead a claim for fraud of fraudulent misrepresentation under New York law, a plaintiff must demonstrate five elements: (1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff. Crigger v. Fahnestock & Co., Inc., 443 F.3d 230, 234 (2d Cir. 2006) (citation omitted). Under Federal Rule of Civil Procedure 9(b), fraud and fraudulent misrepresentation must be pled with particularity. Rule 9(b) requires that the plaintiff "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 186-87 (2d Cir.

12

2004). From the face of the Amended Third-Party Complaint, it is clear that Todman has failed to satisfy the requirements of Rule 9(b), as Todman has detailed no specific statements or omissions by Paychex that it contends were fraudulent. In its Opposition, Todman explains that "the key misrepresentation (be it negligent or fraudulent not being known at this stage in the litigation), is Paychex's affirmative representation, via contract, that it would be tending to all of DBI's payroll tax obligations." (Third-Party Plaintiff's Opposition at 12.) Statements made in Third-Party Plaintiffs' Opposition do not cure Todman's failure to plead its claims of fraud and/or fraudulent misrepresentation with particularity in the Amended Third-Party Complaint. Further, Todman's explanation reveals its fraud and fraudulent misrepresentation claims against Paychex to be yet further breach of contract claims dressed as claims of fraud. It is well-settled that to maintain a claim of fraud under New York law relating to statements of intent to perform under a contract, a plaintiff must "either: (i) demonstrate a legal duty separate from the duty to perform under the contract, or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract." <u>Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.</u>, 98 F.3d 13, 20 (2d Cir. 1996) (internal citations omitted). Todman has failed to plead its fraud claims with

particularity, and its attempt to fill in the missing details through its Opposition suggests only that these claims duplicate its breach of contract claims, and do not create an independent cause of action in tort. Having failed to state a claim in tort, Todman has no viable claim to contribution against Paychex.

3.  Leave to Amend

Even when a complaint has been dismissed, permission to amend it "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "While it is the usual practice upon granting a motion to dismiss to allow leave to replead," Cohen v. Citibank, No. 95 Civ 4826, 1997 WL 883789, at *2 (S.D.N.Y. Feb. 28, 1997), a court may dismiss without leave to amend when amendment would be futile. Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003) (citing Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

As Third-Party Plaintiff has demonstrated no relationship between itself and Paychex that could possibly warrant indemnification in this case, and has likewise failed to allege any basis for tort liability that would support a claim for contribution, any attempt by Third-Party Plaintiff to amend would be futile. Accordingly, Third-Party Plaintiff's cause of action against Paychex must be dismissed without leave to amend.

IV. CONCLUSION

For the reasons set forth above, Third-Party Defendant Paychex's Motion to Dismiss is GRANTED in its entirety. The Clerk of Court is directed to dismiss this action as to Third-Party Defendant, Paychex.

SO ORDERED.

Dated:     New York, New York
           September 24, 2009

*Deborah A. Batts*

Deborah A. Batts

United States District Judge